# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TROY JENNINGS,  )
    Plaintiff,  )
    v.  )    Civil Action No. 11-831 (BAH)
FEDERAL BUREAU OF PRISONS, et al.  )
    Defendants.  )

## MEMORANDUM OPINION

**I.  Introduction.**

Plaintiff, who is currently imprisoned at United States Penitentiary Coleman II, commenced this case to challenge his "involuntary transfer . . . to Springfield Missouri Medical Center." Compl. at 1–2, ECF No. 1. The Court construes Plaintiff to mean a transfer to the United States Medical Center for Federal Prisoners in Springfield, Missouri. *See MCFP Springfield*, Fed. Bureau of Prisons, http://www.bop.gov/locations/institutions/spg/index.jsp (last visited Oct. 19, 2011). Plaintiff claims that his transfer, done "without notice and adversary [sic] hearing" violated his rights under the First, Fifth, Sixth, and Fourteenth Amendments. Compl. at 2. This case will be dismissed *sua sponte* for failure to state a claim upon which relief can be granted.

**II.  Legal Standard.**

The Court "shall dismiss" an action in which a plaintiff is proceeding *in forma pauperis* "at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a). Although "detailed factual allegations" are not necessary, to provide the "grounds" of "entitle[ment] to relief" a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–56. To sufficiently state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Finally, a "pro se complaint is entitled to liberal construction." *Washington v. Geren*, 675 F. Supp. 2d 26, 32 (D.D.C. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

**III.    Analysis.**

Plaintiff is proceeding *in forma pauperis*. Order, ECF No. 6. Therefore, the Court must dismiss this case if Plaintiff fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

Plaintiff's makes only one brief factual allegation in his complaint: that he was transferred to a medical facility for federal prisoners without notice or an adversarial hearing. Compl. at 2. He first claims that transfer violated his First Amendment rights. *Id.* The First Amendment protects against infringement of the freedoms of religion, speech, the press, assembly, and to petition. U.S. Const. amend. I. Plaintiff pleads nothing to implicate those freedoms, but instead simply states the bare conclusion that his First Amendment rights have

been violated. Plaintiff therefore fails to state a First Amendment claim upon which relief can be granted.

Plaintiff second claims that his transfer violated his Fifth Amendment right to due process. Compl. at 2.[1] The Due Process Clause of the Fifth Amendment protects against the deprivation of life, liberty, or property by the federal government without due process of law. U.S. Const. amend. V. Although Plaintiff's allegations of transfer without notice or a hearing, which he levies against federal defendants, might appear at first glance to implicate those protections, "an inmate in a state or federal prison does not ordinarily have a constitutionally protected liberty interest in his assignment to a particular prison." *Beo v. District of Columbia*, 44 F.3d 1026, 1028 (D.C. Cir. 1995) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Plaintiff pleads nothing to support a departure from that ordinary rule. Plaintiff therefore fails to state a Fifth Amendment claim upon which relief can be granted.

Plaintiff third claims that his transfer violated his Sixth Amendment rights. Compl. at 2. The Sixth Amendment protects, "[i]n all criminal prosecutions," the right to a speedy trial, to trial by jury, "to be informed of the nature and cause of the accusation," to confront witnesses, to subpoena witnesses, and to the assistance of counsel. U.S. Const. amend. VI. Plaintiff pleads nothing to implicate those protections, but instead simply states the bare conclusion that his Sixth Amendment rights have been violated. Plaintiff therefore fails to state a Sixth Amendment claim upon which relief can be granted.

Plaintiff finally claims that his transfer violated his Fourteenth Amendment rights. Compl. at 2. The Fourteenth Amendment defines the parameters of United States citizenship;

---

[1] Plaintiff does not mention the Fifth Amendment specifically, but instead alleges that his transfer violated "due process rights and clause." Compl. at 2. Because Plaintiff separately and specifically alleges a violation of his Fourteenth Amendment rights, *see id.*, the Court construes this portion of Plaintiff's complaint as attempting to state a claim under the Fifth Amendment.

3

protects against the deprivation of the privileges and immunities of such citizenship; protects against the deprivation of life, liberty, or property by state governments without due process of law; protects against the denial of equal protection of the laws; defines the apportionment of representatives; defines the disqualification from certain public offices of persons who have committed insurrection or rebellion against, or who have given aid comfort to the enemies of, the United States; guarantees the validity of the public debt; proclaims illegal and void "any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave"; and grants Congress legislative authority to enforce those provisions. U.S. Const. amend. XIV. Plaintiff's pleadings only touch on one of those provisions: the protection against deprivation of liberty without due process. That provision applies only to the states, not the federal defendants against whom Plaintiff attempts to state his claims. Therefore, Plaintiff fails to state a Fourteenth Amendment claim upon which relief can be granted.

## IV. Conclusion.

For the reasons discussed above, Plaintiff fails to state a claim upon which relief can be granted. The Court will therefore dismiss this case in a separate order to issue this date.

Date: October 20, 2011

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge